# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| ANN KATHLEEN COYLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. CV-07-S-0583-S |
| | ) |
| DAKKO PROPERTY | ) |
| MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This action is before the court on plaintiff's motion *in limine*.[1] Plaintiff brought this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*. ("Title VII"), alleging gender-based discrimination and retaliation. She further alleged against defendant the claims of negligent training, supervision, and/or retention and hostile work environment. At this stage, only plaintiff's retaliation claim remains.[2] Upon review of the motion and defendant's reply, it is apparent that there no longer remains a controversy with regard to the

---

[1] Doc. no. 65.

[2] *See* doc. no. 53.

points raised in paragraphs two,[3] three,[4] four,[5] and nine[6] of the motion *in limine*. The remaining paragraphs are discussed, in turn, below.

## I.  LEGAL STANDARDS

The motion *in limine* — a pretrial request that certain inadmissible evidence not be referred to or offered at trial — is a creature of neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence.

> Typically, a party makes this motion when it believes the mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard. If, after the motion is granted, the opposing part mentions or attempts to offer the evidence in the jury's presence, a mistrial may be ordered. A ruling on a motion in limine does not always preserve evidentiary error for appellate purposes. To raise such an error on appeal, a party may be required to formally object when the evidence is actually admitted or excluded during trial.[7]

Such motions do "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for

---

[3] "[N]o party or witness shall make reference to any conversations, letters or e-mails referring to offers of settlements or mediation allegedly communicated by any party, but specifically relating to any offer communicated to the defendant by Plaintiff's counsel." Doc. no. 65, at 3, ¶ 2; doc. no 69, at 2, ¶ 2.

[4] "Plaintiff [may] . . . conduct direct examination of Emmanuel Ku, Shirley Miller and Edgar Miller via leading questions." Doc. no. 69, at 3, ¶ 3; doc. no. 65, at 3, ¶ 3.

[5] "[N]o party or witness shall make reference to any unrelated civil lawsuits that Plaintiff may have participated [sic] either as a party or a witness." Doc. no. 65, at 3, ¶ 4; doc. no. 69, at 3, ¶ 4.

[6] "Defendant [is] prohibited from arguing or offering evidence that Plaintiff filed bankruptcy in 2000." Doc. no. 65, at 5, ¶ 9; doc. no. 69, at 4, ¶ 9.

[7] *Black's Law Dictionary* 1109 (9th ed. 2009) (Bryan A. Garner, ed.).

trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987)). Rulings upon such motions also may save the parties time, effort, and costs in preparing and presenting their cases. *Pivot Point International, Inc. v. Charlene Products, Inc.*, 932 F. Supp. 220, 222 (N.D. Ill. 1996).

At the same time, it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Hunter v. Blair*, 120 F.R.D. 667 (S.D. Ohio 1987). Thus, the motion *in limine* is an effective approach *only if the evidence at issue is clearly inadmissible. See United States v. Rusin*, 889 F. Supp. 1035, 1038 (N.D. Ill. 1995).

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may alter its ruling based upon either developments at trial, or on its sound judicial discretion. *Luce v. United States*, 469 U.S. 38, 41 (1984). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT & T Technologies*, 831 F. Supp. 1398, 1401 (N.D. Ill. 1993). Moreover, as previously

noted, a ruling *in limine* does not "relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial." *Thweatt v. Ontko*, 814 F.2d 1466, 1470 (10th Cir. 1987) (internal quotation omitted). *See also In re Seroquel Products Liability Litigation*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1-2 (M.D. Fla. Feb. 4, 2009) (citing nearly identical legal standards in the context of motions *in limine*); *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. 99-D-880-E, 2001 WL 617521, at *1 (N.D. Ala. Feb. 20, 2001) (same).

## II. DISCUSSION

Upon reviewing the motion, the court concludes that plaintiff has failed to carry her burden regarding paragraphs five[8] and six.[9] A court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *National Union v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996); *see also, e.g.*, *Sears v. PHP of Alabama, Inc.*, No. 2:05cv304-ID, 2006 WL 1223302, at *2 (M.D. Ala. May 5, 2006) (denying motion *in limine* because it lacked the "necessary specificity with respect to the evidence to be excluded"). The

---

[8] "The defendant shall refrain from introducing into evidence or making reference to evidence not known to the decision-maker at the time of the decision that is at issue in this ligation or any mention of after acquired evidence of wrongdoing by the plaintiff." Doc. no. 65, at 4, ¶ 5.

[9] "That defendant be prohibited from using or referring to any evidence/document or witness not previously disclosed in Defendants' Rule 26 disclosures or produced to Plaintiff during the course of discovery." Doc. no. 65, at 4-5, ¶ 6.

court is without sufficient information to determine the admissibility of the evidence objected to by plaintiff in paragraphs five and six. It is extraordinarily difficult to rule on these evidentiary objections in a vacuum, based upon the parties' thumbnail sketches of their respective positions, without the context of trial proceedings. Accordingly, the issues raised in those paragraphs will be addressed, as they arise, during the course of the trial.

The only objections not already disposed of are those found in paragraphs one, seven, and eight of plaintiff's motion *in limine*. The wording of plaintiff's objection is copied *verbatim* from her motion, followed by the court's ruling.

> 1. That no party or witness shall make reference to any part of the claims which have previously been voluntarily dismissed or dismissed by the court on motion or appeal.

Under Federal Rule of Evidence 403, the court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. The court is convinced that references to the claims previously dismissed in this action would result in unfair prejudice to plaintiff. Specifically, such evidence might lead a jury to summarily conclude that plaintiff's entire case lacks merit. Further, were such evidence admitted, plaintiff would need to explain the reasons for the dismissal of

5

those claims to the jury.  This would unduly confuse the issues relevant in this action and, in all probability, mislead the jury.  Thus, to the extent that the above-mentioned evidence is relevant, its probative value is undermined and substantially outweighed by the likelihood that it will prejudice plaintiff, confuse the relevant issues, and mislead the jury.  *See id.*

Accordingly, this aspect of plaintiff's motion is GRANTED.  It is ORDERED that defendant shall not make reference at trial to any part of plaintiff's claims that have already been dismissed.

> 7. That Defendant shall be prohibited from introducing or making reference to the EEOC Charge filed by Plaintiff or the findings and conclusions made by the EEOC.

Plaintiff avers that "[t]his evidence is not relevant, because the retaliation complained of does not stem from Plaintiff's Charge filing, but her internal complaints to Dakko management of sexual harassment."[10]  Even though she fails to elaborate, plaintiff further claims that "[t]his evidence is inadmissable under FRE 401, 402, and 403."[11]  Defendant contends that the charge should be admitted "irrespective of whether the retaliation complained of does not involve the filing of

---

[10] Doc. no. 65, at 5, ¶ 7.
[11] *Id.*

the Charge."[12] Defendant argues that neither the charge nor the EEOC's findings will confuse the jury, prejudice plaintiff, or cause the court undue delay.

In short, plaintiff's EEOC charge itself is not admissible. Many courts have held that EEOC charges are hearsay and unreliable because they were created in anticipation of litigation. *See, e.g., Stolarczyk v. Senator International Freight Forwarding, LLC*, 376 F. Supp. 2d 834, 841-42 (N.D. Ill. 2005) (noting presumption of inadmissibility with EEOC charges and refusing to admit the plaintiff's charges even under the residual hearsay exception); *Walker v. Fairfield Resorts*, No. 3:05-0153, 2006 WL 724555, at * 8 (M.D. Tenn. March 21, 2006) (noting that "an EEOC charge is hearsay and, even though sworn to under the penalty of perjury, inherently unreliable because the charge is drafted in anticipation of litigation") (citation omitted). Moreover, the Federal Rules of Civil Procedure and Evidence establish a preference for live witness testimony. *See* Fed. R. Civ. P. 43(a); Fed. R. Evid. 802. Plaintiff will testify at this trial. The court has reviewed the allegations in her charge, and finds that she can adequately explain all of them while on the stand in front of the jury. Thus, the charge would — even if it were not inadmissible hearsay — be cumulative. *See* Fed. R. Evid. 403 (permitting courts to exclude "needless presentation of cumulative evidence").

---

[12] Doc. no. 69, at 4, ¶ 7.

Regarding the findings and conclusions of the EEOC, it is worth pointing out that defendant's exhibit list omits any documents specifically relating to the EEOC's findings.[13]  Presumably, therefore, this aspect of plaintiff's motion is due to be granted to the extent it pertains to exhibits containing EEOC determinations which have not been properly identified in the exhibit list.  While defendant may intend to offer testimony from witnesses as to the EEOC's conclusions, any such testimony would be hearsay — the witness would be relating the out of court statements of an EEOC investigator for the purpose of proving the truth of the matter asserted.  *See* Fed. R. Evid. 801(c).  Indeed, the only reason EEOC determinations are ever admissible is the "factual findings" prong of the public records and reports hearsay exception.  *See* Fed. R. Evid. 803(8)(C).  *See also generally Walker v. Nationsbank of Florida N.A.*, 53 F.3d 1548, 1554-55 (11th Cir. 1995); *Barfield v. Orange County*, 911 F.2d 644, 649 (11th Cir. 1990).  Even where the EEOC documents themselves are listed as exhibits, "their admissibility in jury trials is not clear-cut." *Lee v. Executive Airlines, Inc.*, 31 F. Supp. 2d 1355, 1356 (S.D. Fla. 1998) (internal citation omitted).  The court need not perform the delicate analysis generally required when such documents are offered, however, considering that defendant has not specifically listed any.

---

[13] *See* doc. no. 67.

Accordingly, this aspect of plaintiff's motion is GRANTED. It is ORDERED that defendant shall not offer any testimony, exhibit, or argument regarding plaintiff's EEOC charge of discrimination or the EEOC's determination of those charges.

8. Defendant should be prohibited from arguing that the receipt of unemployment compensation reduces the amount of back pay that the Plaintiff is entitled to recover.

Plaintiff contends that the Eleventh Circuit's decision in *Brown v. A.J. Gerrard Manufacturing Co.*, 715 F.2d 1549 (11th Cir. 1983), is controlling on this issue. In response, defendant argues that plaintiff would receive double recovery were the court to grant this aspect of plaintiff's motion. Defendant also misguidedly argues that "the law cited by the Plaintiff is not from this district and should not be held as controlling on the issue."[14]

In *Brown*, the Eleventh Circuit addressed, *en banc*, "whether the deduction of unemployment compensation benefits from the amount of a Title VII back pay award should be left to the discretion of the district court." *Id.* at 1550. The *Brown* court answered that question with a resounding "No." In that case, the district court deducted the amount of unemployment compensation received by the plaintiff from his Title VII judgment award. *Id.* In reversing and remanding the district court's decision, the Eleventh Circuit held "as a matter of law that unemployment

---

[14] Doc. no. 69, at 4, ¶ 8.

compensation benefits received from a state fund, even if supported by a tax on employers, may not be deducted from a Title VII back pay award . . . ." *Id.* at 1550-51. This settled and binding principle of law has been restated, and even extended to cases involving claims other than those brought under Title VII, by myriad courts within this circuit. *See*, *e.g.*, *Dominguez v. Tom James Co.*, 113 F.3d 1188, 1189 (11th Cir. 1997) ("In the course of [affirming the judgment of the district court], we apply our holding in *Brown v. A.J. Gerrard Manufacturing Co.*, 715 F.2d 1549 (11th Cir. 1983) (*en banc*) (Title VII awards are not subject to reduction by amount plaintiff received in unemployment compensation), to ADEA cases, and extend that holding to encompass Social Security benefits as well."); *Smith v. American Service Co.*, 796 F.2d 1430, 1432-33 (11th Cir. 1986) (citing *Brown* for the proposition that "unemployment benefits are not to be deducted from Title VII back pay awards," and further finding "no reason why the *Brown* rationale would not apply for purposes of determining whether prejudgment interest should be awarded to prevailing Title VII claimants").

In light of the foregoing, it is evident that, as a matter of law, plaintiff's receipt of unemployment compensation does not reduce the amount of back pay that she may be entitled to recover. Accordingly, it is ORDERED that defendant may not argue otherwise, and this aspect of plaintiff's motion is also GRANTED.

## III. CONCLUSION AND ORDER

Thus, plaintiff's motion *in limine* is GRANTED in part and DENIED in part, as more fully explained above. The court also notes that the deadlines set forth in the pretrial order for motions *in limine*, objections to witness and exhibit lists, and other pretrial evidentiary filings have expired. No further pretrial motions, objections, or other filings will be permitted absent extraordinary good cause being shown.

DONE and ORDERED this 4th day of January, 2011.

_____
United States District Judge